# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PETER F. RICCIARDI, JR <br> 10080 Nelson Court <br> Wadsworth, OH  44281 <br><br>           Plaintiff, <br><br>     vs. <br><br> GREAT LAKES TRUCKING, MI, INC. <br> c/o Liliya Skikun – Statutory Agent <br> 41879 Tarragon Drive <br> Sterling Heights, MI  48314 <br><br>     and <br><br> TORNIKE TSAGAREISHVILI <br> 29412 Dequindre Road <br> Warren, MI  48092 <br><br>     and <br><br> STONE XPRESS, INC. <br> c/o Edyta Ksiag – Statutory Agent <br> 600 Tollgate Road, #C <br> Elgin, IL  60123 <br><br>     And <br><br> RAJINDER SINGH <br> 38645 Shelby Drive <br> Westland, MI  48186 <br><br>           Defendants. | Case No.: <br><br> JUDGE SARA LIOI <br><br> **COMPLAINT** <br> Type:  Personal Injury <br><br> **JURY DEMAND ENDORSED HEREON** |

1

Now comes the Plaintiff, Peter F. Ricciardi, Jr., by and through undersigned counsel, and hereby submits to this Court his Complaint against the Defendants as follows:

## PARTIES

1. Plaintiff, Peter F. Ricciardi, Jr., is a natural person who is a resident of the City of Wadsworth, in the County of Medina, and State of Ohio.

2. Defendant, Great Lakes Trucking, MI, Inc., is a domestic for profit corporation formed in the State of Michigan and authorized to conduct business in the State of Ohio.

3. Defendant, Tornike Tsagareishvili, is a natural person who is a resident of the State of Michigan and at the time of the incident referred to in this Complaint was an employee of defendant Great Lakes Trucking, MI, Inc.

4. Defendant, Stone Xpress, Inc., is a domestic for profit corporation formed in the State of Illinois and authorized to conduct business in the State of Ohio.

5. Defendant, Rajinder Singh, is a natural person who is a resident of the State of Michigan and at the time of the incident referred to in this Complaint was an employee of defendant Stone Xpress, Inc.

## JURISDICTION AND VENUE

6. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of the Complaint as if fully re-written herein.

2

7. This Court has original jurisdiction under 28 USC §1332 by means of diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this Court in accordance with Local Civil Rule 3.8 because the occurrence that gave rise to the complaint occurred in the County of Summit and State of Ohio.

9. The instant action is a refiled case that was previously dismissed without prejudice by this Court in case number 5:21-cv-1482.

## FACTS

10. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of the Complaint as if fully re-written herein.

11. On or about June 29, 2019, Plaintiff, Peter F. Ricciardi, Jr., was operating his vehicle in the far-right lane, westbound on Interstate Route 80 (IR-80) in the village of Hudson, County of Summit, and State of Ohio.

12. At the time and place of the collision, IR-80 has three lanes of travel in the westerly direction.

13. At the same time and place, Defendant, Tornike Tsagareishvili, while in the course of employment for Great Lakes Trucking, MI, Inc., was operating a semi-tractor trailer vehicle owned by defendant, Great Lakes Trucking, MI, Inc., in the same direction as plaintiff in the far-left lane.

14. At the same time and place, Defendant, Rajinder Singh, while in the course of employment for Stone Xpress, Inc., was operating a semi-tractor trailer vehicle owned by defendant, Stone Xpress, Inc., in the same direction as plaintiff in the middle lane.

## COUNT I
## Negligence

15. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of the Complaint as if fully re-written herein.

16. Defendant, Tornike Tsagareishvili, negligently failed to maintain his lane of travel, struck defendant Rajinder Singh's vehicle which then collided with plaintiff's vehicle and dragged it down the highway until final rest.

17. As a result of the negligence of defendant Tornike Tsagareishvili, plaintiff Peter F. Ricciardi, Jr. suffered pain and injury to his body including but not limited to his left shoulder, left elbow, ribs, left knee, back, and as a result of said injuries suffered an ischemic stroke; some injuries may be permanent in nature.

18. As a further result of the negligence of Defendant Tornike Tsagareishvili, Plaintiff Peter F. Ricciardi, Jr. incurred hospital and medical expenses and will incur additional expenses in the future.

19. As a further result of the negligence of Defendant Tornike Tsagareishvili, Plaintiff Peter F. Ricciardi, Jr. incurred an economic loss of wages and will incur additional loss in the future.

## COUNT II
### Respondeat Superior

20. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of the Complaint as if fully re-written herein.

21. Defendant Tornike Tsagareishvili, at all times pertinent to the incident described herein, was acting within the scope and authority of his employment or agency for defendant Great Lakes Trucking, MI, Inc.

22. Defendant Great Lakes Trucking, MI, Inc., is vicariously liable for defendant Tornike Tsagareishvili's negligence under the doctrine of respondeat superior.

23. Defendant Great Lakes Trucking, MI, Inc., was negligent in hiring, supervision and retention of defendant Tornike Tsagareishvili.

24. Defendant Great Lakes Trucking, MI, Inc., negligently entrusted its vehicle to be operated by defendant Tornike Tsagareishvili.

25. As a result of the negligence of defendant Great Lakes Trucking, MI, Inc., plaintiff Peter F. Ricciardi, Jr. suffered pain and injury to his body including but not limited to his left shoulder, left elbow, ribs, left knee, back, and as a result of said injuries suffered an ischemic stroke; some injuries may be permanent in nature.

26. As a further result of the negligence of defendant Great Lakes Trucking, MI, Inc., plaintiff Peter F. Ricciardi incurred hospital and medical expenses and will incur additional expenses in the future.

27. As a further result of the negligence of defendant Great Lakes Trucking, MI, Inc., Plaintiff Peter F. Ricciardi, Jr. incurred an economic loss of wages and will incur additional loss in the future.

### COUNT III
### Negligence

28. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of the Complaint as if fully re-written herein.

29. Defendant, Rajinder Singh, negligently failed to maintain his lane of travel, and collided with plaintiff's vehicle and dragged it down the highway until final rest.

30. As a result of the negligence of defendant Rajinder Singh, plaintiff Peter F. Ricciardi, Jr. suffered pain and injury to his body including but not limited to his left shoulder, left elbow, ribs, left knee, back, and as a result of said injuries suffered an ischemic stroke; some injuries may be permanent in nature.

31. As a further result of the negligence of defendant Rajinder Singh, Plaintiff Peter F. Ricciardi, Jr. incurred hospital and medical expenses and will incur additional expenses in the future.

32. As a further result of the negligence of defendant Rajinder Singh, Plaintiff Peter F. Ricciardi, Jr. incurred an economic loss of wages and will incur additional loss in the future.

### COUNT IV
### Respondeat Superior

33. Plaintiff re-alleges and incorporates by reference each and every material allegation set forth in the previous paragraphs of the Complaint as if fully re-written herein.

34. Defendant Rajinder Singh, at all times pertinent to the incident described herein, was acting within the scope and authority of his employment or agency for defendant Stone Xpress, Inc.

35. Defendant Stone Xpress, Inc., is vicariously liable for defendant Rajinder Singh's negligence under the doctrine of respondeat superior.

36. Defendant Stone Xpress, Inc., was negligent in hiring, supervision and retention of defendant Rajinder Singh.

37. Defendant Stone Xpress, Inc., negligently entrusted its vehicle to be operated by defendant Rajinder Singh.

38. As a result of the negligence of defendant Stone Xpress, Inc., plaintiff Peter F. Ricciardi, Jr. suffered pain and injury to his body including but not limited to his left shoulder, left elbow, ribs, left knee, back, and as a result of said injuries suffered an ischemic stroke; some injuries may be permanent in nature.

39. As a further result of the negligence of defendant Stone Xpress, Inc., plaintiff Peter F. Ricciardi incurred hospital and medical expenses and will incur additional expenses in the future.

40. As a further result of the negligence of defendant Stone Xpress, Inc., Plaintiff Peter F. Ricciardi, Jr. incurred an economic loss of wages and will incur additional loss in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00) together with costs, and any other relief the Court may deem necessary.

Respectfully submitted,

_s/ William H. Corgan_____
William H. Corgan, Esq.
WEISENSELL, MASTRANTONIO & NIESE, LLP
23 S. Main Street, Suite 301
Akron, Ohio  44308
Phone - (330) 376-5756
Fax - (330) 762-5980
E-mail – WHCorgan@nwm-law.com
Ohio Bar #0074398

## Jury Demand

Plaintiff demands a trial by jury in this matter.

Respectfully submitted,

_s/ William H. Corgan_____
William H. Corgan, Esq. (#0074398)
WEISENSELL, MASTRANTONIO & NIESE, LLP
*Attorney for Plaintiff Peter F. Ricciardi, Jr.*